IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DORADO GARDENS LLC; DORADO PARK LLC,

    **Plaintiffs,**

        **v.**

DAVID EFRON, *et als.*,

    **Defendants.**

**Civil No.** 22-1402 (FAB)

**MEMORANDUM AND ORDER**

BESOSA, Senior District Judge.

Before the Court is defendants David Efron and Efron Dorado S.E. ("defendants")'s Motion in *Limine* requesting the exclusion of 24 invoices from trial. (Docket No. 86.)  For the following reasons, the defendants' motion is **DENIED**.

**I. Background**

On April 15, 2024, the parties filed a Proposed Pretrial Order, in which plaintiffs Dorado Gardens LLC and Dorado Park LLC ("plaintiffs" or "Dorado Gardens") included 24 invoices for legal services and architect fees as part of their documentary evidence for the trial.  The defendants allege, however, that the plaintiffs never produced these invoices during the discovery phase of the case.  (Docket No. 63 at 48-49.)  While the plaintiffs concede that some of the invoices were not produced to the defendants, they maintain that at least 5 invoices for architect fees were

Civil No. 22-1402 (FAB)                                                  2

produced and that an additional 14 invoices were specifically identified in a table of costs provided by the plaintiffs during discovery. (Docket No. 91 at 3.) Dorado Gardens also argues that pursuant to Rule 37(c) the invoices should not be excluded from trial because the failure to provide the exact invoices to defendants is harmless.

**II. Legal Standard**

Federal Rule of Civil Procedure 26 ("Rule 26") requires a party to disclose all documents that it may use to support its claims or defenses, and all evidence that it may present at trial, unless their purpose is "solely for impeachment." Fed.R.Civ.P. 26(a)(1)(A)(ii), 26(a)(3)(A). Failure to properly disclose triggers Fed.R.Civ.P. 37(c)(1): incomplete or late disclosures may preclude a party from using "that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). "[I]n the absence of harm to a party, a district court may not invoke the severe exclusionary penalty provided for by Rule 37(c)(1)." Cruz-Vázquez v. Mennonite Gen. Hosp., Inc., 613 F.3d 54, 58 n.1 (1st Cir. 2010). Furthermore, even when there is harm to a party, "[p]reclusion is not strictly required." Lawes v. CSA Architects & Eng'rs LLP, 963 F.3d 72, 91 (1st Cir. 2020). Instead, "[w]hen noncompliance occurs, the

Civil No. 22-1402 (FAB)                                              3

ordering court should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." Id. (quoting Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)); see also Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 78 (1st Cir. 2009) ("[D]istrict courts have broad discretion in meting out [discovery] sanctions" and "may choose a less severe sanction.") (citations omitted).

In exercising its broad discretion to determine whether a litigant's failure to timely disclose information required by Rule 26 was substantially justified or harmless, district courts are guided by the following factors:  (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosure party's explanation for its failure to disclose the evidence. Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003); Fed.R.Civ.P. 37(c)(1); see also Holsum de P.R., Inc. v. Compass Indus. Grp. LLC, 530 F. Supp. 3d 228, 234 (D.P.R. 2021) (Gelpí, J.) (citing Esposito 590 F.3d at 77 (1st Cir. 2009)).

## III. Discussion

Dorado Garden argues that their failure to produce the invoices in this case is harmless. In support of this argument, plaintiffs claim that the Southern States factors weigh in their favor. Dorado Garden maintains that (1) the defendants cannot reasonably claim surprise or prejudice because they were made aware of these expenditures in the complaint and through a "cost to date" table provided during discovery; (2) there is no need to cure the surprise because the defendants already knew the extent of the alleged damages at the time the complaint was filed; and (3) the evidence is critically important to the plaintiff at trial to establish damages. (Docket No. 91 at 5.); see also Southern States, 318 F.3d at 596-97.

In response, the defendants again contend that Dorado Garden's failure to produce the invoices warrants exclusion. Discovery ended over a year ago, the defendants argue, and in spite of specific requests for the invoices, the plaintiffs never produced them. Accordingly, the defendants request that the Court not excuse this violation of Rule 26 and exclude the invoices from trial. (Docket No. 95.)

After careful review, the Court finds that the defendants' arguments are unavailing. It is undisputed that plaintiffs failed to produce a number of the invoices. The defendants are correct

in that this is a violation of Rule 26.  The question before the Court is, however, whether exclusion is warranted as a result of plaintiff's failure to disclose.  In their defense, the plaintiffs, have proffered a convincing argument of why their failure is harmless.  See Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 21 (1st Cir. 2001) ("it is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with [Rule 26] was either justified or harmless[.]") (citing Heidtman v. County of El Paso, 171 F.3d 1038, 1040 (5th Cir. 1999)) (additional citations omitted).  The defendants have not explained why they would be prejudiced by the introduction of these invoices into evidence.  For the Rule 26 violation to warrant exclusion there must be some harm suffered by the opposing party, otherwise the violation is, by definition, harmless.  Cruz-Vázquez v. Mennonite Gen. Hosp., Inc., 613 F.3d 54, 58 n.1 (1st Cir. 2010) ("[I]n the absence of harm to a party, a district court may not invoke the severe exclusionary penalty provided for by Rule 37(c)(1).")

The defendants were on notice in the complaint that the plaintiffs had incurred $680,238.86 in fees and expenses relating to this case.  (Docket No. 1 at 4.)  Furthermore, the defendants had a breakdown of the costs incurred by the plaintiff in the "cost to date" table provided to them during discovery.  (Docket No. 91

Civil No. 22-1402 (FAB)                                                        6

at 3.)  The Court cannot speculate, and defendants do not elaborate, as to what unfair or prejudicial information might be gleaned from the specific invoices for which the defendants may need to prepare.  Without any notion of what the harm suffered by defendants might be if these invoices are admitted into evidence, the Court cannot justify their exclusion.  Accordingly, the Court finds that the plaintiff's failure to produce the specific invoices during discovery as in violation of Rule 26 was harmless, and the invoices may be admitted into evidence.

**IV. Conclusion**

For the above reasons, defendants David Efron and Efron Dorado S.E.'s Motion in *Limine* requesting the exclusion of 24 invoices from trial is **DENIED**.  (Docket No. 86.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 18, 2024.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE