IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| DORADO GARDENS LLC; DORADO PARK LLC,<br><br>**Plaintiffs**,<br><br>v.<br><br>DAVID EFRON, *et al.*,<br><br>**Defendants**. | Civil No. 22-1402 (FAB) |

**OPINION AND ORDER**

BESOSA, Senior District Judge.

On April 8, 2025, after a seven-day trial, a jury returned a verdict in favor of defendants David Efron and Efron Dorado S.E. (collectively, "defendants") on their counterclaim against plaintiffs Dorado Gardens LLC and Dorado Park LLC (collectively, "plaintiffs"). (Docket Nos. 146; 151.)[1] Before the Court are various post-trial motions submitted by each party. Defendants seek to have plaintiffs pay their attorneys' fees and costs pursuant to the Purchase and Sale Agreements ("PSAs") or Puerto Rico Rule of Civil Procedure 44.1(d). (Docket No. 156.) Plaintiffs opposed (Docket No. 177), and defendants replied (Docket No. 191.) Defendants also sought clarification, or in the

---

[1] All of plaintiffs' claims were dismissed with prejudice as a matter of law at trial after they rested their case, and the only claim submitted to the jury was defendants' counterclaim. See Docket No. 145 at pp. 1-2; Docket No. 151.

Civil No. 22-1402 (FAB)                                                   2

alternative reconsideration, with respect to the amount of the judgment. (Docket No. 165.) Plaintiffs opposed and simultaneously sought an order compelling disbursement of their claimed portion of the escrow deposit. (Docket No. 172.) Defendants opposed plaintiffs' disbursement request (Docket No. 184), and plaintiffs replied (Docket No. 192.)

For the following reasons, defendants' motion for attorneys' fees and costs is **GRANTED IN PART** and **DENIED IN PART**. Defendants' motion for clarification or reconsideration of the judgment is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' motion for an order of disbursement is **DENIED**.

**I.   Discussion**

   **A.   Defendants' Motion to Clarify Judgment**

The Court will start with defendants' motion to clarify the judgment, which in some respects is logically antecedent to their motion for attorney fees and costs.[2] Defendants seek clarification or reconsideration of the Court's order to Popular Insurance, LLC, the escrow holder, to release 70% of the deposit amount to them pursuant to the jury verdict. (Docket No. 165.)

---

[2] Though defendants do not cite a Federal Rule of Civil Procedure under which their motion was filed, the Court will construe it as a Rule 59(e) motion to alter or amend judgment in light of the nature of the request. See Echevarría-González v. González-Chapel, 849 F.2d 24, 26 (1st Cir. 1988) (noting that when construing party motions, "nomenclature should not be exalted over substance" and proceeding to determine the type of motion in question by reference to its contents).

Civil No. 22-1402 (FAB)                                                    3

This order was based on the jury verdict finding that plaintiffs improperly terminated the PSAs and awarding defendants "70% from the deposit" in damages. See Docket No. 151. Defendants argue that, rather than awarding them 70% of the deposit, they should get the entire deposit, plus an extra 70% of the deposit amount as damages. See Docket No. 165 at pp. 1-2. Because plaintiffs were found to have improperly terminated the PSAs, defendants argue they are automatically entitled to the entire deposit by operation of the contracts. See Joint Exhibit XI at pp. 2-3, 15. According to the defendants, the amount listed on the verdict form refers to how much additional damages they are entitled to, rather than the total award.

Defendants' reading departs from the clear meaning of the jury verdict. As plaintiffs point out, the word "from" is key – defendants were awarded 70% "from" the deposit, not 70% in addition to the entire deposit. See Docket No. 172 at pp. 2-3. The Court, however, recognizes that the 70% award is inconsistent with the jury's finding that plaintiffs wrongfully terminated the PSAs, the terms of which provide defendants with the entire deposit in the event of plaintiffs' wrongful termination. See Joint Exhibit XI at pp. 2-3, 15. The Court will therefore adjust the damages amount to include the entire deposit.

Civil No. 22-1402 (FAB)                                                   4

Federal Rule of Civil Procedure 59(e) "has been invoked to correct damage awards that were improperly calculated" pursuant to courts' "broad discretion to correct errors and see that justice is done." Com. Assoc. v. Tilcon Gammino, Inc., 801 F. Supp. 939, 942 (D.R.I. 1992) (internal citations omitted).  "The principal limitation on that discretion is that a motion to amend may not be granted where to do so would undermine the jury's fact-finding role and trample on the defendant's Seventh Amendment right to a jury trial." Id.  While "the Seventh Amendment flatly prohibits federal courts from augmenting jury verdicts by additur," "[t]he constitutional rule against additur is not violated [] in a case where the jury has properly determined liability and there is no valid dispute as to the amount of damages.  In such a case the court is in effect simply granting summary judgment on the question of damages." Shlasinger v. Yarrington, Civ. No. 16-cv-290, 2018 U.S. Dist. LEXIS 137914, at *31 (D.N.H. Aug. 15, 2018) (citing Decato v. Travelers Ins. Co., 379 F.2d 796, 799 (1st Cir. 1967)); see also Liriano v. Hobart Corp., 170 F.3d 264, 273 (2d Cir. 1999) (upholding a district court which "simply adjusted the jury award to account for a discrete item that manifestly should have been part of the damage calculations and as to whose amount there was no dispute.")

Civil No. 22-1402 (FAB)                                            5

In this case, the PSAs are clear that the entire deposit amount is forfeited in the event plaintiffs wrongfully terminate the contracts. Because all of plaintiffs' claims were dismissed, the damages amount is not in dispute and the judgment can be adjusted accordingly. Therefore, defendants' motion for clarification or reconsideration is **GRANTED IN PART** and **DENIED IN PART**, with the judgment amount being modified to award defendants with the entirety of the escrow deposit. The escrow holder, Popular Insurance, LLC, is ordered to release the entire escrow amount to defendants. Any fees charged by the escrow holder are to be paid by plaintiffs. See Joint Exhibit XI at p. 2; Joint Exhibit XIII at p. 4.

    **B.**    **Plaintiffs' Motion for Disbursement**

By awarding defendants 70% from the deposit, the jury verdict anticipates plaintiffs receiving 30% of their deposit back from the escrow holder. Because plaintiffs wrongfully terminated the PSAs and failed to prevail on any of their claims, the judgment will be amended to award defendants the entire deposit amount. Accordingly, plaintiffs are not entitled to disbursement of any portion of the deposit, and their motion requesting disbursement is **DENIED**.

**C.  Defendants' Motion for Attorney Fees and Costs**

Defendants ask the Court to award $183,295.00 in attorney fees, along with $9,381.01 in costs, to be paid by the plaintiffs. Federal Rule of Civil Procedure 54 "allows a prevailing party to move for attorneys' fees after the entry of judgment." Cheng v. Neumann, 106 F.4th 19, 23 (1st Cir. 2024). Because the "American rule" default is that litigants pay their own fees, the prevailing party must "specify . . . the statute, rule, or other grounds entitling the movant to the award." Id. (citing Fed. R. Civ. P. 54(d)(2)(B)(ii)). "[A] perfunctory reference to Rule 54 in support of a request for attorneys' fees, with nothing more, will not cut it." Confederación Hípica de P.R. v. Confederación de Jinetes Puertorriqueños, Inc., Civ. No. 16-2256, 2024 U.S. Dist. LEXIS 229218, at *5 (D.P.R. Sept. 30, 2024) (Carreño, J.)

Defendants cite two grounds for requesting attorney fees and costs from the plaintiffs. First, they cite the fee-shifting provisions in the PSAs, which state that a prevailing party in an action to enforce the PSAs can recover its reasonable litigation expenses. See Joint Exhibit XI at p. 20.[3] Second, they claim that plaintiffs' conduct during the litigation was "obstinate[] or

---

[3] The Court reads "reasonable litigation expenses" to include both attorney fees and costs.

Civil No. 22-1402 (FAB)                                                        7

frivolous[]," justifying an award of attorney fees and costs under Puerto Rico Rule of Civil Procedure 44.1(d), P.R. Laws Ann. tit. 32A, App. V, Rule 44.1(d).

The Court is convinced by the first ground but not by the second.  Defendants may claim litigation expenses under the PSAs because they were the sole prevailing party in the case.  "The term 'prevailing party' is a legal term of art."  Suárez-Torres v. Panadería y Respostería España, Inc., 988 F.3d 542, 551 (1st Cir. 2021) (internal alterations, quotation marks, and citation omitted).  "To qualify as a prevailing party, the party seeking to recover fees must demonstrate (1) a material alteration of the legal relationship of the parties (2) that possesses the requisite judicial imprimatur."  Id. (internal quotation marks omitted).  "In situations in which one party prevails on some claims and the other party prevails on other claims, the litigants are commonly ordered to bear their own costs."  Est. of Hevia v. Portrio Corp., 602 F.3d 34, 46 (1st Cir. 2010).  Defendants prevailed on their counterclaim - the jury found that plaintiffs terminated the PSAs without a valid reason under the terms of the agreements.  See Docket No. 151 at p. 1.  Notwithstanding the Solomonic jury verdict, plaintiffs cannot assert that they were also a prevailing party because all their claims were dismissed.  Therefore, by operation of the PSAs' fee-shifting provisions, defendants are

Civil No. 22-1402 (FAB)                                                          8

entitled to an award of reasonable litigation expenses from plaintiffs.

On the other hand, plaintiffs' conduct did not rise to the level of being obstinate or frivolous. "Obstinacy is to be judged in light of the overall circumstances of the particular case." Vázquez-Filippetti v. Banco Popular de P.R., 409 F. Supp. 2d 94, 100 (D.P.R. 2006) (citing Correa v. Cruisers, a Division of KCS Int'l, Inc., 298 F.3d 13, 30 (1st Cir. 2002)). "In determining obstinacy, courts must examine whether a litigant was unreasonably adamant or stubbornly litigious beyond the acceptable demands of the litigation, thereby wasting time and causing the Court and the other litigants unnecessary expense and delay." C-Fuels, LLC v. Puma Energy Caribe LLC, Civil No. 19-2057, 2021 U.S. Dist. LEXIS 198515, at *3 (D.P.R. Feb. 25, 2021) (Delgado-Colón, J.). Plaintiffs' conduct was not unreasonably adamant or stubbornly litigious – on the contrary, their conduct was largely proper and respectable throughout the proceedings. Therefore, defendants do not have a valid claim for attorney fees under Puerto Rico Rule of Civil Procedure 44.1(d).

Regardless, because defendants are entitled to litigation expenses under the PSAs, the Court must consider whether their requested fees are reasonable. Puerto Rico courts apply the "lodestar" method to determine a "reasonable" amount to award as

Civil No. 22-1402 (FAB)                                                9

attorney fees.  See López Vicil v. ITT Intermedia, Inc., 43 P.R. Offic. Trans. 43 (P.R. 1997); Carrero v. Molina Healthcare of P.R., Inc., 737 F. Supp. 3d 135, 144, 144 n.4 (D.P.R. 2024) (Arias, C.J.) (explaining how Puerto Rico courts apply the lodestar method in cases involving a contractual fee-shifting provision).  "[T]he court must calculate the number of hours reasonably expended by the attorneys for the prevailing party, excluding those hours that are excessive, redundant, or otherwise unnecessary." Pérez-Sosa v. Garland, 22 F.4th 312, 321 (1st Cir. 2022) (internal quotation marks omitted).  In computing a reasonable attorney fee, the goal "is to do rough justice, not to achieve auditing perfection." Id. at 322 (citing Fox v. Vice, 563 U.S. 826, 838, 131 S. Ct. 2205, 2216 (2011)).

Having reviewed the hours billed by defendants' attorneys, the Court finds them largely reasonable and will make only a small adjustment to the total amount requested as attorneys' fees.  Several entries are too vague to evaluate whether the time spent was reasonable.  See Carrero, 737 F. Supp. 3d at 144 (discounting vague entries from attorney fee award).  These entries be removed from the attorney fee award entirely:

| Date | Timekeeper | Description | Hours Billed | Total Cost |
|---|---|---|---|---|
| 9/22/2022 | AFM | Met with D. Efron and reviewed document | 0.5 | $125.00 |

Civil No. 22-1402 (FAB)                                                          10

| Date | Timekeeper | Description | | |
|---|---|---|---|---|
| 5/15/2023 | ACB | Document Production | 1 | $75.00 |
| 5/16/2023 | ACB | Document Production | 1 | $75.00 |
| 5/17/2023 | ACB | Document Production | 1 | $75.00 |
| 5/17/2023 | ACB | Document Production | 1 | $75.00 |
| **Total amount deducted from plaintiffs' claimed attorney fees (100% of the total value of the entries listed above):** | | | | **$425.00** |

The Court also considers several entries to be excessive given the tasks described and will reduce these hours by half:

| Date | Timekeeper | Description | Hours Billed | Total Cost |
|---|---|---|---|---|
| 3/7/2023 | PH | Received and reviewed Order issued by the Court reassigning the case to new judge | 0.3 | $75.00 |
| 3/8/2023 | AFM | Reviewed Court order reassigning case to new judge | 0.1 | $25.00 |
| 9/7/2023 | AFM | Reviewed plaintiff's Notice of Intent to file Opposition to Motion to Stay Consideration of Dispositive Motion | 0.4 | $100.00 |
| 9/7/2023 | PH | Received and reviewed Plaintiffs' Notice of Intent to Oppose Defendants' Motion Requesting Motion for Summary Judgment be Denied | 0.4 | $100.00 |
| 9/25/2023 | AFM | Reviewed Court order granting leave to file reply to Opposition to Motion Requesting that Plaintiffs' Motion for Summary Judgment be denied | 0.3 | $75.00 |
| 10/17/2023 | AFM | Reviewed Court order granting leave to translate Spanish documents and Court order denying motion filed by plaintiff | 0.4 | $100.00 |

Civil No. 22-1402 (FAB)                                                    11

| Date | Timekeeper | Description | Hours Billed | Total Cost |
|---|---|---|---|---|
| 10/17/2023 | PH | Received and reviewed Order issued by the Court granting the request for leave to file in excess pages and the extension to submit the English translations | 0.2 | $50.00 |
| 10/23/2023 | PH | Received and reviewed Motion for Leave to File Reply and to Exceed the Page Limit filed by Plaintiffs | 0.3 | $75.00 |
| 10/23/2023 | PH | Drafted Motion Submitting Certified English Translations | 0.7 | $175.00 |
| 10/24/2023 | AFM | Reviewed Court order granting motion for leave to file reply | 0.2 | $50.00 |
| 10/24/2023 | PH | Received and reviewed Order issued by the Court granting leave to the plaintiffs' to file a reply | 0.2 | $50.00 |
| 7/12/2024 | AFM | Reviewed Minute of Court proceedings | 0.5 | $125.00 |
| 7/12/2024 | PH | Received and reviewed the Minutes of the Pre-Trial Conference | 0.5 | $125.00 |
| 7/22/2024 | AFM | Reviewed Court Order granting plaintiff time to respond to Motion *in Limine* | 0.2 | $50.00 |
| 7/22/2024 | PH | Received and reviewed Order issued by the Court regarding the Motion *in Limine* and the filing of the response by plaintiffs | 0.2 | $50.00 |
| 8/2/2024 | AFM | Reviewed Court order granting extension of time to file opposition to Motion *in Limine* | 0.2 | $50.00 |
| 10/8/2024 | AFM | Reviewed Court order granting extension of time to propose trial dates | 0.2 | $50.00 |
| **Total amount deducted from plaintiffs' claimed attorney fees (50% of the total value of the entries listed above):** | | | | **$662.50** |

A few entries appear to be for work that was unnecessary, in the first case because the reply was never filed and in the second because the entry was dated months after the opposition was filed. These entries will be removed from the attorney fee award:

Civil No. 22-1402 (FAB)                                                   12

| Date | Timekeeper | Description | Hours Billed | Total Cost |
|---|---|---|---|---|
| 10/4/2023 | PH | Worked on draft of Reply to Plaintiffs' Opposition to Motion Requesting that Motion for Summary Judgment be Denied and for Leave to Conduct Additional Discovery | 2.6 | $650.00 |
| 11/14/2023 | CVR | Worked on draft Opposition to Summary Judgment regarding the inappropriateness of a Summary Judgment in contractual disputes | 2.0 | $400.00 |
| **Total amount deducted from plaintiffs' claimed attorney fees (100% of the total value of the entries listed above):** | | | | **$1,050.00** |

Last, a few entries appear to be billed by attorneys despite containing clerical or secretarial work. Pérez-Sosa, 22 F.4th at 328 ("[C]lerical or secretarial tasks ought not to be billed at lawyers' rates, even if a lawyer performs them") (internal quotation marks omitted). Because it is difficult to tell the proportion of clerical versus legal work in these entries, the reasonable billed amount will be approximated by reducing these amounts by 30%:

| Date | Timekeeper | Description | Hours Billed | Total Cost |
|---|---|---|---|---|
| 6/14/2024 | PH | Reviewed the pleadings and Pre-Trial Report as preparation for Pre-Trial Conference; prepared binder with the documentary evidence announced by the parties in the Pre-Trial Report | 2.5 | $650.00 |
| 7/8/2024 | PH | Prepared for the Pre-Trial Conference; organized and prepared the binders with the documentary evidence announced by the parties in the Pre-Trial Report | 2.0 | $500.00 |

| 7/9/2024 | PTO | Organized evidence in chronological order | 4.0 | $800.00 |
|---|---|---|---|---|
| 7/10/2024 | PTO | Prepared and displayed chronological order of evidence | 1.5 | $300.00 |
| **Total amount deducted from plaintiffs' claimed attorney fees (30% of the total value of the entries listed above):** | | | | **$675.00** |

The Court finds that the hourly billing rates quoted by defendants' attorneys are reasonable and consistent with prevailing rates for similarly qualified attorneys and paralegals in this district.  See Docket No. 156-1 at 4 (hourly rates of $250 per hour for partners, $200 per hour for associates, and $75 per hour for paralegals), Carrero, 737 F. Supp. 3d at 146 ("In the District of Puerto Rico, an approximate range of typical rates for highly experienced attorneys is $250-300, for associates $150-200, and for paralegals and law clerks $50-100.")  Applying these rates to the adjusted total hours, defendants' attorney fee award is $180,482.50.[4]

As for costs, defendants claim a total of $9,381.01, broken down as follows:

| Description | Amount |
|---|---|
| Trial transcript | $2,706.40 |
| Witness appearance fees (Sofía Zaragoza and Alejandro Cubiñá) | ($40.00 each) $80.00 |
| Subpoena fees (Sofía Zaragoza and Alejandro Cubiñá) | ($75.00 each) $150.00 |
| Translation of exhibits | $5,020.54 |
| Exhibit binders | $578.02 |
| Exhibit binder delivery fee | $35.00 |
| Photocopies | $811.05 |
| **Total:** | **$9,381.01** |

---

[4] Representing $183,295 claimed attorney fees minus $425 for vague entries, $662.50 for excessive billing, $1050 for unnecessary work, and $675 for intermingling legal and clerical work.

Civil No. 22-1402 (FAB)                                                    14

       The Clerk of the Court found that defendants could claim all of the above fees except for the translation of exhibits ($5,020.54) and delivery of exhibit binders ($35) and taxed a total of $4,325.47 in costs. See Docket No. 181. As specified by the Clerk of the Court, translation of written documents does not qualify as "compensation of interpreters" under 28 U.S.C. section 1920(6) and cannot be taxed as a cost against the non-prevailing party. Id. at p. 3; Dávila-Feliciano v. P.R. State Ins. Fund, 683 F.3d 405, 406 (1st Cir. 2012). The Clerk also noted that the $35 fee for delivery of exhibit binders is not taxable because "[m]essenger services, faxes, telephone charges, postage, stamps, parking and Westlaw charges are all out-of-pocket expenses and, therefore, not recoverable." See Docket No. 181 at 4; Ramos v. Davis & Geck, Inc., 968 F. Supp. 765, 783 (D.P.R. 1997) (Laffitte, J.) The Court concurs with the Clerk's findings and will award defendants $4,325.47 in costs. Defendants' total award for attorney fees and costs is $184,807.97.

## II. Conclusion

    For the above reasons, defendants' motion for clarification or reconsideration of the judgment is **GRANTED IN PART** and **DENIED IN PART**. The judgment is modified to award defendants the entire deposit amount, and the escrow holder is ordered to release the deposit amount to defendants. Any fees charged by the escrow

Civil No. 22-1402 (FAB)                                                                 15

holder will be paid by the plaintiffs.  Plaintiffs' motion for an order of disbursement is **DENIED**.  Defendants' motion for attorneys' fees is **GRANTED IN PART** and **DENIED IN PART**.  Defendants are awarded a total of $184,807.97 in attorneys' fees and costs.

    **IT IS SO ORDERED.**

    San Juan, Puerto Rico, June 16, 2025.

                                      s/ Francisco A. Besosa
                                      FRANCISCO A. BESOSA
                                      SENIOR UNITED STATES DISTRICT JUDGE